*Eastern District,*
*May* 1831.

ALLAIN
*vs.*
PRESTON,

---

*BOURGUIGNON vs. BOUDOUSQUIE.*

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

If the damages assessed by a jury appear to be enormous and unsupported by the testimony, the judgment will be reversed.

*Mathews, J.,* delivered the opinion of the court.

This suit was commenced originally to establish the limit or boundary of contiguous tracts of land, claimed by plaintiff and defendant. The former obtained a judgment by which she gained about thirteen arpens; and the suit is now prosecuted to recover damages, or, more properly, the fruits and revenues of the land which was adjudged to the plaintiff, for the period during which it was possessed by the defendant. The cause was submitted to a jury in the court below, who estimated the damages at nine hundred and ninety dollars, and gave a verdict for this amount. From a judgment rendered in pursuance thereof, the defendant appealed.

Previous to taking the appeal, a motion was made for a new trial, which was overruled. This motion appears to have been based on the ground of excess in the damages allowed by the jury, as being wholly unsupported by the evidence of the case.

We agree in opinion with the counsel of the defendant, and think the judge *a quo* erred in not granting the new trial. It is not a case without data constituting a criterion by which damages may be estimated, independent of arbitrary opinions entertained by a jury. It is not like a claim of reparation in damages for injuries done to the person or reputation

W 2

BOURGUIGNON
*vs*
BOURDOUSQUIE.

of an individual. But even in these cases, perhaps, it would. be a duty incumbent on courts to palliate excesses committed by juries. The dispute remaining to be settled between the parties, at this time, relates to the annual value of thirteen arpens of land, (one only of which is stated by the testimony to be arable, the other twelve being swamp,) from 26th of April, 1825, to the present period. The witnesses suppose that the acre susceptible of cultivation, would produce eighteen barrels of corn annually, if properly cultivated. Now if one-half be allowed to the proprietor, (which would be a very extravagant rent,) the annual product would be, probably, nine dollars: this sum multiplied by six, the number of years which the defendant is presumed to have possessed in *mala fide*, the product would fall far, *very far* short of the verdict of the jury. Nor would the deficit be made up in any rational manner by allowing an excessive rent for the swamp as pasture-ground.

*If the damages assessed by a jury appear to be enormous and unsupported by the testimoney, the judgment will be reversed.*

The damages assessed by the jury appear to us so enormous, so illy supported by the testimony of the cause, that we feel ourselves compelled to reverse the judgment of the court below.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be avoided, reversed, and annulled, and the verdict set aside. And it is further ordered, that the cause be sent back to said court, to be tried *de nova;* and that the appellee pay the costs of this appeal.